**[Cite as *State v. Gates*, 2026-Ohio-3084.]**

## IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## FAIRFIELD COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00049 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2023 CR 00019 |
| CHRISTOPHER A. GATES, JR. | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: August 11, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** R. KYLE WITT, SARAH A. HILL, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant Christopher Gates, Jr. appeals the November 13, 2025 judgment of the Fairfield County Court of Common Pleas which denied his Motion for Sentence Clarification. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### Facts and Procedural History

{¶ 2} On May 2, 2023, Gates pled guilty to one count each of possession of a fentanyl-related compound, aggravated possession of drugs, possession of cocaine, having weapons under disability, and improperly handling weapons in a motor vehicle. He was sentenced to an aggregate total of 4.5 to 5.5 years of incarceration. Gates did not appeal his convictions or challenge his sentence.

{¶ 3}   On May 20, 2024, Gates filed a Motion for Sentence Clarification. He complained that the Bureau of Sentence Computation (BOSC) was requiring him to serve his sentences in the wrong order. He therefore asked the trial court to compel the BOSC to change the order of his sentences. On April 7, 2025, after the trial court had failed to rule on his motion, Gates filed a Motion for Status and Update which asked the trial court for either a hearing on the motion or an update on the matter. On November 13, 2025 via judgment entry, the trial court denied Gates' May 20, 2024 motion.

{¶ 4}   Gates filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 5}   "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR SENTENCE CLARIFICATION, AND MOTION FOR STATUS AND UPDATE, WITHOUT A HEARING, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

{¶ 6}   As an initial matter, this case is before this Court on the accelerated calendar pursuant to App.R. 11.1, which provides in relevant part:

> (E) Determination and judgment on appeal.
>
>  The appeal will be determined as provided by App.R. 11.1. It shall be
>
> sufficient compliance with App.R. 12(A) for the statement of the reason

for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶ 7}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Woodall*, 2023-Ohio-1334, ¶ 3 (5th Dist.), citing *Crawford v. Eastland Shopping Mall Association*, 11 Ohio App.3d 158 (10th Dist. 1983). This appeal shall be considered accordingly.

{¶ 8}   Gates argues the trial court abused its discretion when it denied his Motion for Sentence Clarification and his Motion for Status and Update without a hearing. We disagree.

{¶ 9}   "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process that would support that decision. *Id*. "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 10} Gates' motion asked the trial court to tell the BOSC the order in which his sentences should be served. While Gates faults the trial court for failing to hold a hearing on

his motion, we find no authority, nor does Gate provide any authority, which would lead to a conclusion that the trial court has any jurisdiction to issue orders to the BOSC. Gates' motion was simply not the appropriate vehicle to address an alleged error by the BOSC as the trial court had no authority to do so. *State v. Armstrong*, 2018-Ohio-191, ¶ 8 (2d Dist.). Instead, a writ of mandamus would have been the appropriate path.

{¶ 11} Because the trial court had no authority to grant Gates' motion, we find no abuse of discretion. Accordingly, the sole assignment of error is overruled.

{¶ 12} The judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to Appellant.

By: King, P. J.

Hoffman, J. and

Montgomery, J. concur.